IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS MOTOR TRANSPORTATION ASSOCIATION, INC., *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:05-CV-0259-N |
| CITY OF LANCASTER, TEXAS, | § § § | |
| Defendant. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter was tried before the Court on December 5-6, 2005. All parties appeared through counsel and announced ready for trial. Based on the evidence at trial, the arguments of counsel, and the prior briefing on legal issues, the Court makes the following findings of fact and conclusions of law, granting Plaintiffs' requested relief.[1]

I. PARTIES

F1.     Plaintiff Texas Motor Transportation Association, Inc. is a trade association whose members primarily are involved in the transportation of freight by truck.

F2.     Plaintiff FFE Transportation Services, Inc. ("FFE") operates a truck terminal at 3400 Stonewall Drive, Lancaster, Texas, just off Danieldale Road. FFE has about 500 employees at this location and about 600 FFE trucks are based there.

---

[1]This case does not lend itself to a separate section of findings of fact followed by a separate section of conclusions of law. Accordingly, the findings of fact are designated as "Fn" and the conclusions of law are designated as "Cn."

FINDINGS OF FACT AND CONCLUSIONS OF LAW – PAGE 1

F3. Plaintiff Dart Transit Company ("Dart") operates a truck terminal at 2820 Danieldale Road, Lancaster, Texas. Dart has about 95 employees at this location and over 700 Dart trucks are based there.

F4. Plaintiff Contract Freighters Inc. ("CFI") operates a truck terminal at 2935 Danieldale Road, Lancaster, Texas. CFI has about 15 employees at this location and about 500 CFI trucks are based there.

F5. Plaintiff Pro Stop Truck Service, Inc. ("Pro Stop") operates a truck repair and maintenance facility at 2826 Danieldale Road, Lancaster, Texas. Pro Stop has about 20 employees at this location. (The Court will refer to all four of these locations as the "Facilities.")

F6. Defendant City of Lancaster is a municipal corporation organized and existing under the laws of the State of Texas.

L1. All parties have appeared before the Court. The Court has personal jurisdiction over all parties to this action. Plaintiffs seek relief under 49 U.S.C. § 31114(a) and 23 C.F.R. § 658.19(d). The Court has jurisdiction over the subject matter of this dispute under 28 U.S.C. §§ 1331, 2201. *See Planned Parenthood of Houston v. Sanchez*, 403 F.3d 324, 330-37 (5th Cir. 2005).

## II. BACKGROUND

F7. Lancaster is located in south Dallas County, generally in the southeast quadrant of the intersection of Interstate Highway 35E ("I-35E") and Interstate Highway 20 ("I-20").

I-35E runs north and south along Lancaster's western boundary for a distance of about seven miles.  I-20 runs east and west along Lancaster's northern boundary for about two miles.

F8.    Until 2003, the only practical access to and from the Facilities and I-35E was along Danieldale Road between I-35E and the Facilities.  Until 2003, the only practical access to and from the Facilities and I-20 was on Houston School Road south of I-20 and Danieldale Road between the Facilities and Houston School Road (the "Danieldale/Houston School Route").  Exhibit 1 to the Pretrial Order generally depicts the relative locations of I-35E, I-20, Danieldale Road, Houston School Road, and the Facilities.

F9.    In 2002, Swift Transportation, Inc. ("Swift") began construction of a truck terminal south of Danieldale Road and west of Houston School Road.  During that construction, Swift also built two new streets, Longhorn Road, extending south from Danieldale Road in the vicinity of the Facilities, and West Road, running east and west between Longhorn Road and I-35E.  Exhibit 1 also generally depicts the Swift facility, Longhorn Road, and West Road.

F10.   Along all pertinent portions of I-35E there are service roads.  The are no service roads on I-20 at its intersection with Houston School Road.

F11.   There are traffic signals at the intersection of Danieldale Road and I-35E and the intersection of Houston School Road and I-20.  There are no traffic signals at the intersection of Danieldale Road and Houston School Road or the intersection of West Road and I-35E.

FINDINGS OF FACT AND CONCLUSIONS OF LAW – PAGE 3

F12.   On October 11, 2004, Lancaster adopted Ordinance No. 2004-10-37 (the "Truck Route Ordinance").  The Truck Route Ordinance amended Article 12.1300 of the Lancaster Code of Ordinances by reducing the applicable weight limit from 20,000 pounds to 15,000 pounds, adding a definition of "Point of Designation/Origin: A place of final destination," and by designating certain roads as truck routes.  The full text of the Truck Route Ordinance is attached to the Pretrial Order as Exhibit 2.  The net effect of this ordinance is to require trucks to access the Facilities only off the I-35E service road to West Road, to Longhorn Drive, and to Danieldale Road.  The parties have since agreed and stipulated in the Pretrial Order "that trucks can use the west end of Danieldale to access I-35E." Pretrial Order at 7, ¶ 12.  At present, the Truck Route Ordinance prohibits trucks from traveling between the Facilities and I-20 by the Danieldale/Houston School Route.

### III. THE REGULATION

L2.   49 U.S.C. § 31114 provides:

(a) Prohibition on denying access. – A State may not enact or enforce a law denying to a commercial motor vehicle subject to this subchapter or subchapter I of this chapter reasonable access between –
(1) the Dwight D. Eisenhower System of Interstate and Defense Highways (except a segment exempted under section 31111(f) or 31113(e) of this title) and other qualifying Federal-aid Primary System highways designated by the Secretary of Transportation; and
(2) terminals, facilities for food, fuel, repairs, and rest, and points of loading and unloading for household goods carriers, motor carriers of passengers, or any truck tractor-semitrailer combination in which the semitrailer has a length of not more than 28.5 feet and that generally operates as part of a vehicle combination described in section 31111(c) of this title.
(b) Exception. – This section does not prevent a State or local government from imposing reasonable restrictions, based on safety considerations, on a truck tractor-semitrailer combination in which the semitrailer has a length of

not more than 28.5 feet and that generally operates as part of a vehicle combination described in section 31111(c) of this title.

L3.   23 U.S.C. § 127(b) provides: "No State may enact or enforce any law denying reasonable access to motor vehicles subject to this title to and from the Interstate Highway System to terminals and facilities for food, fuel, repairs, and rest."

L4.   23 U.S.C. § 315 provides: "Except as provided in sections 204(f) and 205(a) of this title, the Secretary is authorized to prescribe and promulgate all needful rules and regulations for the carrying out of the provisions of this title. The Secretary may make such recommendations to the Congress and State transportation departments as he deems necessary for preserving and protecting the highways and insuring the safety of traffic thereon."

L5.   By 49 C.F.R. § 1.48(b)(19) and (c)(19), the Secretary of Transportation delegated authority to the Federal Highway Administrator to administer 23 U.S.C. §§ 127 and the Surface Transportation Assistance Act of 1982, as amended, Pub. L. 97-424, which includes 49 U.S.C. § 31114.

L6.   23 C.F.R. § 658.19(d) provides: "No State may enact or enforce any law denying access within 1 road-mile from the National Network using the most reasonable and practicable route available except for specific safety reasons on individual routes."

L7.   23 C.F.R. § 658.19(d) is a valid exercise of rulemaking authority by the Federal Highway Administrator as delegatee of the Secretary of Transportation.  23 C.F.R. § 658.19(d) preempts contrary state law.  *See Fidelity Federal Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153-54 (1982).

FINDINGS OF FACT AND CONCLUSIONS OF LAW – PAGE 5

IV. THE FACILITIES ARE WITHIN ONE ROAD-MILE FROM THE NATIONAL NETWORK

    L8.    23 C.F.R. § 658.5, provides in part:

Interstate System. The National System of Interstate and Defense Highways described in Sections 103(e) and 139(a) of Title 23, U.S.C. For the purpose of this regulation this system includes toll roads designated as Interstate.

. . .

National Network (NN). The composite of the individual network of highways from each State on which vehicles authorized by the provisions of the STAA are allowed to operate. The network in each State includes the Interstate System, exclusive of those portions excepted under § 658.11(f) or deleted under § 658.11(d), and those portions of the Federal-aid Primary System in existence on June 1, 1991, set out by the FHWA in appendix A to this part.

    L9.    23 C.F.R. § 658.11 provides in part:

(d) Deletions and use restrictions – Federal-aid interstate.
(1) The deletion of, or imposition of use restrictions on, any specific segment of the Interstate Highway System on the National Network, except as otherwise provided in this part, must be approved by the FHWA. Such action will be initiated on the FHWA's own initiative or on the request of the Governor or the Governor's authorized representative of the State in which the Interstate segment is located. Requests from the Governor or the Governor's authorized representative shall be submitted along with justification for the deletion or restriction, in writing, to the appropriate FHWA Division Office for transmittal to Washington Headquarters.
(2) The justification accompanying a request shall be based on the following:
(i) Analysis of evidence of safety problems supporting the deletion or restriction as identified in § 658.11(c).
(ii) Analysis of the impact on interstate commerce.
(iii) Analysis and recommendation of any alternative routes that can safely accommodate commercial motor vehicles of the dimensions and configurations described in §§ 658.13 and 658.15 and serve the area in which such segment is located.
(iv) Evidence of consultation with the local governments in which the segment is located as well as the Governor or the Governor's authorized representative of any adjacent State that might be directly affected by such a deletion or restriction.

>(3) Actions to ban all commercial vehicles on portions of the Interstate System not excepted under § 658.11(f) are considered deletions subject to the requirements of subsection (d) of this section.
>
>(4) Reasonable restrictions on the use of Interstate routes on the National Network by STAA-authorized vehicles related to specific travel lanes of multi-lane facilities, construction zones, adverse weather conditions or structural or clearance deficiencies are not subject to the requirements of paragraph (d) of this section.
>
>(5) Proposed deletions or restrictions will be published in the Federal Register as an NPRM, except in the case of an emergency deletion as prescribed in § 658.11(e). The FHWA will consider the factors set out in paragraph (d)(2) of this section and the comments of interested parties. Any approval of deletion or restriction will be published as a final rule. A deletion of or restriction on a segment for reasons ascribable to dimensions of commercial motor vehicles described in either § 658.13 or § 658.15 shall result in a deletion or restriction for the purposes of both §§ 658.13 and 658.15.
>
>. . .
>
>(f) Exceptions. Those portions of the Interstate System which were open to traffic and on which all commercial motor vehicles were banned on January 6, 1983, are not included in the National Network.

F13.   The pertinent portions of I-35E and I-20 in and around the intersection of those two highways are part of the Interstate System.  The Court takes judicial notice that all commercial motor vehicles were not banned from those highways on January 6, 1983.

L10.   Not any of the pertinent portions of I-35E and I-20 in and around the intersection of those two highways has been deleted from the Interstate Highway System under the authority of 23 C.F.R. § 658.11(d).

L11.   The pertinent portions of I-35E and I-20 in and around the intersection of those two highways are part of the National Network.

F14.   The Facilities are within one road-mile of I-35E and/or I-20.

L12.   The Facilities are within one road-mile from the National Network.

V. THE REGULATION PREEMPTS LANCASTER'S TRUCK ROUTE ORDINANCE

F15.   The most reasonable and practicable route available between the Facilities and I-20 is the Danieldale/Houston School Route.

L13.   The portion of 23 C.F.R. § 658.19(d) providing "except for specific safety reasons on individual routes" creates an affirmative defense on which Lancaster bears the burden of proof. *See United States v. First City National Bank*, 386 U.S. 361, 366 (1967). Lancaster asserted that defense in its answer. *See* Defendant's Original Answer at 5. The Pretrial Order reflects that one of Lancaster's claims is that the ordinance was enacted due to reasonable, specific safety concerns. *See* Pretrial Order at 5. Moreover, in the Pretrial Order, Lancaster asserted numerous disputed questions of fact relating to the safety of the Danieldale/Houston School Route. *See id.* at 10-11.

L14.   Under the terms of the pleadings and the Pretrial Order, whether specific safety reasons regarding the Danieldale/Houston School Route justified the Truck Route Ordinance was a fact issue in controversy at trial on which Lancaster bore the burden of proof. Lancaster chose at trial not to offer evidence on that point.

F16.   No specific safety reasons regarding the Danieldale/Houston School Route between the Facilities and I-20 justify the restrictions of the Truck Route Ordinance on that route.

L15.   23 C.F.R. § 658.19(d) preempts the Truck Route Ordinance with respect to the operation of trucks between the Facilities and I-20 along the Danieldale/Houston School Route.

## VI. PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF

F17. Enforcement of the Truck Route Ordinance with respect to the operation of trucks between the Facilities and I-20 along the Danieldale/Houston School Route would irreparably injure Plaintiffs' right to operate their trucks within one road mile of the National Network free from interference by state and local laws, except for specific safety concerns.

F18. Lancaster has no legitimate interest in enforcing an ordinance that is expressly prohibited by federal law.

F19. The balance of harm from enjoining enforcement of the Truck Route Ordinance with respect to the operation of trucks between the Facilities and I-20 along the Danieldale/Houston School Route favors enjoining enforcement.

F20. The public interest, as reflected by federal statute and regulation, favors enjoining enforcement of the Truck Route Ordinance as it is expressly prohibited by 23 C.F.R. § 658.19(d).

L16. Plaintiffs are entitled to an injunction enjoining enforcement of the Truck Route Ordinance with respect to the operation of trucks between the Facilities and I-20 along the Danieldale/Houston School Route.

L17. Any findings of fact that are more properly considered to be conclusions of law are also adopted by the Court as conclusions of law.

F21. Any conclusions of law that are more properly considered to be findings of fact are also adopted by the Court as findings of fact.

Signed February 10, 2006.

_____
David C. Godbey
United States District Judge